NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1012
_____

UNITED STATES OF AMERICA

v.

ROLANDO LORENZO,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 05-cr-00467)
District Judge:  Honorable Dennis M. Cavanaugh
_____

Submitted Under Third Circuit LAR 34.1(a)
September 20, 2012

Before:  SLOVITER, RENDELL and HARDIMAN, *Circuit Judges*.

(Filed: September 21, 2012)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Rolando Lorenzo appeals his judgment of sentence after pleading guilty to three

separate drug offenses.  His counsel has filed a motion to withdraw pursuant to *Anders v.*

*California*, 386 U.S. 738 (1967).  We will grant counsel's motion and affirm the District

Court's judgment.

## I

Lorenzo pleaded guilty to three counts in three different indictments. Pursuant to a written plea agreement, he pleaded guilty in the District of New Jersey to one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and one kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. He was indicted on one count in the District of Puerto Rico for the same offenses. That matter was transferred to the District of New Jersey, where he pleaded guilty to that count. Finally, he pleaded guilty in the Southern District of Florida to one count of possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). The Florida case was transferred to the District of New Jersey for purposes of sentencing.

The District Court sentenced Lorenzo on all three convictions to a within-Guidelines sentence of three concurrent 145-month terms of imprisonment. Lorenzo timely appealed his sentence. After a conscientious examination of the record, his appointed counsel now argues that his arguments are "wholly frivolous" and requests permission to withdraw pursuant to *Anders*. 386 U.S. 738. Lorenzo did not file a *pro se* brief.

## II

Under Local Appellate Rule 109.2, the Court undertakes a two-part inquiry when

2

counsel moves to withdraw under *Anders*. We ask "whether counsel adequately fulfilled the rule's requirements" and "whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Counsel's brief must satisfy the Court that counsel "thoroughly examined the record in search of appealable issues," and counsel must "explain why the issues are frivolous." *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000). Counsel need not raise and dismiss every possible claim, but he must, at a minimum, meet the "conscientious examination" standard established in *Anders*. *Id*.

In his *Anders* brief, Lorenzo's counsel states that he "closely inspected" the record and conducted independent research. Counsel identifies the issue of whether Lorenzo may challenge his sentence on appeal and concludes that he cannot because of an appellate waiver. To support his conclusion, counsel points to the plea agreement, which Lorenzo entered into voluntarily and with "full knowledge of all of his rights and responsibilities."

Lorenzo's plea agreement included a clause waiving his right to file "any appeal . . . which challenge[s] the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 35." Lorenzo was sentenced pursuant to an offense level of 31 and received a sentence below the mandatory minimum. Because his sentence falls below the Guidelines range, Lorenzo cannot appeal it under the terms of his waiver.

3

For the reasons stated, we find that counsel's *Anders* brief amply satisfies the requirements of Rule 109.2.  Furthermore, our independent review of the record does not reveal any nonfrivolous issues to address.  Accordingly, we will grant counsel's motion to withdraw and affirm the judgment of sentence.  Because the issues presented on appeal lack legal merit, counsel is not required to file a petition for writ of certiorari with the United States Supreme Court under Rule 109.2(c).